354 P.2d 569

Sterling **JACOBSON** and Central Utah Block Company, Plaintiffs and Respondents,

v.

Ralph **MEMMOTT**, Merrill G. Memmott, Grace K. Memmott, and Maria S. Memmott, Defendants and Appellants.

No. 9120.

Supreme Court of Utah.

July 19, 1960.

Olsen & Chamberlain, Richfield, for appellants.

Gustin, Richards & Mattsson, Salt Lake City, for respondents.

McDONOUGH, Justice.

Plaintiffs, Sterling Jacobson and Central Utah Block Company, and defendants, Memmotts, own adjacent unpatented placer mining claims in Millard County, Utah. Both mines are principally valuable for their volcanic cinders which are used for making cinder blocks and insulation. Each claim has been actively operated by its respective owner, but in order to continue operations, plaintiffs have instituted this action under our Eminent Domain Statutes [1] to condemn a right-of-way across the mining claim owned by defendants. Plaintiffs asked for a right-of-way to be used jointly with defendants over the already existing roadway on the latters' claim, and further, that the right-of-way be perpetual, but that if it becomes necessary for the defendants to mine the cinders beneath the right-of-way that plaintiffs will, upon reasonable notice, move the right-of-way to any other feasible place over defendants' claim. It appears that the reason for this proposal is to avoid payment of the full value of the easement sought to be condemned because it would allow for moving the roadway to another location over defendants' property if they decided to mine the cinders under the present roadway.

The defendants moved the trial court to dismiss the complaint, alleging that the right-of-way prayed for could not be fixed with such certainty as to allow the defendants to defend, and that the laws of the state of Utah do not contemplate the taking of an uncertain or "floating" easement or right-of-way. The order of the trial court denied defendants' motion to dismiss, and granted plaintiffs the prayed-for surface right-of-way outlined above. Defendants have been permitted to bring this intermediate appeal from the trial court's determination.

It is the purpose of both plaintiffs and defendants to use this roadway in connection with their mining claims, and it has already been so used by the defendants. Roadways to developing mining deposits are proper subjects for condemnation,[2] and inasmuch as the defendants could withdraw this roadway from that use, it

1. Utah Code Anno., 1953, Title 78, Chapter 34: "Subject to the provisions of this chapter, the right of eminent domain may be exercised in behalf of the following public uses; * * * (6) Roads, railroads, tramways, tunnels, ditches, flumes, pipes and dumping places to facilitate the milling, smelting or other reduction of ores, or the working of mines, quarries, coal mines or mineral deposits; * * *."

2. Utah Code Anno., 1953, Sec. 78-34-1 (6); Highland Boy Gold Mining Co. v. Strickley, 28 Utah 215, 78 P. 296, 1 L.R.A.,N.S., 976.

is the proper subject of a condemnation suit.[3] Since this property dedicated or condemned to a public use may be required to support a second public use if the two uses do not conflict,[4] the trial court correctly granted plaintiffs a right-of-way to be used jointly with defendants over the existing roadway.

█ The principal issue on this appeal is whether a permanent right-of-way may be condemned across a servient estate but made subject to relocation according to the needs of the parties.

The Eminent Domain Statute of Utah contemplates the giving of compensation to the condemnee for the value of all property rights condemned. Where, as here, the determination of the trial court allows the owner of the dominant estate to relocate the right-of-way at will, the condemnee is left with the uncertainty of not knowing, nor being able to prove, the extent to which the condemned right-of-way will damage his property, because of the difficulties in presaging what might later occur with respect to such a floating right-of-way. In theory the defendants could change their mining plans abruptly after the judgment for condemnation which might necessitate a re-evaluation and the institution of a new law suit and the other difficulties incident thereto. It seems more practical and in conformity with established patterns of law that if the plaintiffs desire to condemn a right-of-way as permitted under the statute, they be obliged to make a definite designation of it so that the damages to the defendants may be ascertained.

The order of the trial court is affirmed insofar as it allows condemnation of the right-of-way, but that portion of the order permitting it to be moved is reversed. The cause is remanded for further proceedings not inconsistent with this opinion. Costs to defendants.

CROCKETT, C. J., and WADE, HENRIOD and CALLISTER, JJ., concur.

---

3. 2 Lewis Eminent Domain, pp. 802–803, § 445, Third Edition.

4. Monetaire Mining Co. v. Columbis Rexall Consolidated Mines Co., 53 Utah 413, 174 P. 172, Freeman Gulch Mining Co. v. Kennecott Copper Corp., 10 Cir., 1941, 119 F.2d 16.